# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-1716

**Case Name** Hernandez, et al. v. Events Ticket Center, Inc., et al.

**Counsel submitting this form** Kevin S. Asfour; Jacob R. Winningham

**Represented party/parties** Appellants Event Tickets Center, Inc and TicketNetwork, Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff and Appellee Kristina Hernandez ("Hernandez") filed suit against Appellant Event Tickets Center, Inc. ("ETC") on July 19, 2024, alleging (1) a violation of California's False Advertising Law; (2) a violation of California's Consumer Legal Remedies Act; (3) a violation of California's Unfair Competition Law; and (4) a "quasi-contract" claim. The complaint was brought by Ms. Hernandez individually and on behalf of a class. (Doc. No. 1.) Ms. Hernandez's complaint was amended twice, first to add as a plaintiff Appellee Julie Varon ("Varon" and together with Ms. Hernandez, the "Appellees") and then again to add as a defendant Appellant TicketNetwork, Inc. ("TN" and together with ETC, the "Appellants"). (Doc Nos. 35, 36, 45.)

The Appellees' claims arise out of each Appellee's respective purchase of a ticket from ETC's website. Appellees allege that ETC and TN violated various California consumer protection laws by utilizing so-called "drip pricing" and hidden fees on purchases made on ETC's website. Appellants dispute liability and contend that Appellees are bound by an arbitration agreement that requires them to arbitrate individually any claims arising out of a purchase made on ETC's website, among other defenses.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7** *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

Each Appellant filed a motion to compel arbitration and to dismiss in favor of arbitration on July 11, 2025.  (Doc Nos. 51 and 52.)   The parties then fully briefed the arbitration issue.  (Doc Nos. 53, 55, 56, 57, 61.)  Appellants argued that each Appellee entered into a valid arbitration agreement through their ticket purchases, and that ETC's website gave sufficient notice of this arbitration agreement.  Appellees opposed on the grounds that ETC's website gave insufficient notice, that ETC had waived its right to compel arbitration, and that TN did not have sufficient standing to move to compel arbitration, among other arguments.

The district court entered an order denying Appellants' Motions to Compel Arbitration on March 5, 2026.  (Doc No. 74.)  The district court held that "the notice provision [on ETC's website] did not sufficiently notify users of the Terms and Policies they purportedly agreed to."  (Id. at 11:9-10.)  The district court did not consider the parties' arguments regarding mutual assent, waiver, standing, or dismissal in favor of arbitration.  (Id. at 11:15-16.)

The main issues on appeal concern the validity and enforceability of the contractual arbitration provisions that Appellants maintain govern Appellees' purchases and any resultant disputes.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.  The underlying case in the district court is stayed during the pendency of this appeal.  See Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023).

**Signature** s/ Kevin S. Asfour          **Date** March 20, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

2